JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESIDIO HOME CARE, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>B-EAST, LLC, a California limited liability company; and DOES 1-10,<br><br>Defendants. | CV 14-1864 RSWL (JEMx)<br><br>**ORDER re: DEFENDANT B-EAST, LLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER FOR IMPROPER VENUE [7]** |

Currently before the Court is Defendant B-East, LLC's ("Defendant") Motion to Dismiss or, in the Alternative, Transfer for Improper Venue [7]. Plaintiff Presidio Home Care, LLC ("Plaintiff") filed its Opposition May 6, 2014 [14]. Defendant filed its Reply on May 15, 2014 [15]. Having reviewed all papers and arguments submitted pertaining to this Motion, **THE COURT NOW RULES AS FOLLOWS:**

1

The Court **GRANTS** Defendant's Motion.

## I. BACKGROUND

Plaintiff is a California LLC doing business in Pasadena, California. Compl. ¶ 9. Defendant is also a California LLC.[1] Id. at ¶ 10.

Plaintiff offers personal support services to senior persons under the PRESIDIO HOME CARE Mark. Id. at ¶ 14. Plaintiff has done so since October 28, 2009. Id. Plaintiff is the owner of federal trademark registration 3,869,841, registered November 2, 2010. Id. at ¶ 15. The mark covers: (1) in-home support services to senior persons; (2) personal care assistance of activities of daily living for mentally and physically challenged people; and (3) social and companionship services for the elderly, the handicapped, and the home-bound. Id.

Plaintiff offers its services on its website www.presidiohomecare.com. Id. at ¶ 16. Plaintiff advertises its services on its website and through print and online media. Id.

Plaintiff alleges that Defendant, without Plaintiff's consent, has adopted and used the fictitious business names PRESIDIO HEALTH CARE CENTER and PRESIDIO HEALTHCARE CENTER and the domain name www.presidiohealthcare.com in connection with offering competing services to many of the same consumers served

---

[1] Defendant's principal place of business is at issue in this Motion.

1  by Plaintiff.  Id. at ¶¶ 19-21.
2       Plaintiff further alleges that its reputation has
3  been damaged because of negative online reviews
4  regarding Defendant's business.  Id. at ¶ 27.
5  Defendant has received several California Department of
6  Public Health citations in addition to at least 126
7  publicly documented complaints.  Id. at ¶ 28.  These
8  complaints are related to accidents, quality of care
9  and treatment, quality of physical environment, deaths,
10 misappropriation of property, medications not provided
11 according to physician instructions, problems with
12 infection control, issues with abuse, administration
13 and personnel problems, and fraudulent and false
14 billing practices.  Id.  Plaintiff, in contrast, has
15 had no citations or complaints brought against it.  Id.
16 at ¶ 29.
17      Consequently, Plaintiff filed a Complaint on March
18 12, 2014 bringing claims for trademark infringement,
19 dilution, cybersquatting, and unfair competition
20 against Defendant.  Id. at ¶¶ 12-94.
21                    **II.   LEGAL STANDARD**
22 **A.   Motion to Dismiss Pursuant to Rule 12(b)(3)**
23      Federal Rule of Civil Procedure 12(b)(3) allows a
24 party to file a motion to dismiss on the basis of
25 improper venue.  Fed. R. Civ. Proc. 12(b)(3).
26 Plaintiff bears the burden of establishing proper
27 venue.  Piedmont Label Co. v. Sun Garden Packing Co.,
28 598 F.2d 491, 496 (9th Cir. 1979) (citing Hayashi v.

1  <u>Sunshine Garden Prods., Inc.</u>, 285 F. Supp. 632, 633
2  (W.D. Wash. 1967)).  The plaintiff is required to
3  establish that venue is proper as to each defendant and
4  as to each claim.  <u>Allstar Mktg. Grp., LLC v. Your</u>
5  <u>Store Online, LLC</u>, 666 F. Supp. 2d 1109, 1126 (C.D.
6  Cal. 2009) (quoting <u>Kelly v. Echols</u>, No. Civ. F05118
7  AWI SMS, 205 WL 2105309, at *11 (E.D. Cal. Aug. 30,
8  2005)).  However, "where venue exists for the principal
9  cause of action, courts have agreed to adjudicate
10 closely related claims even if they lacked an
11 independent source of venue."  <u>Id.</u> at 1127.
12     In considering a motion to dismiss for improper
13 venue, a court is not required to accept the pleadings
14 as true and may consider facts outside the pleadings.
15 <u>Doe 1 v. AOL, LLC</u>, 552 F.3d 1077, 1081 (9th Cir. 2009)
16 (citing <u>Argueta v. Banco Mexicano, S.A.</u>, 87 F.3d 320,
17 323 (9th Cir. 1996)).  However, "the trial court must
18 draw all reasonable inferences in favor of the non-
19 moving party and resolve all factual conflicts in favor
20 of the non-moving party."  <u>Murphy v. Schneider Nat'l,</u>
21 <u>Inc.</u>, 362 F.3d 1133, 1138 (9th Cir. 2003).
22     "If the court finds that the case has been filed
23 'in the wrong division or district,' it must 'dismiss,
24 or if it be in the interest of justice, transfer such
25 case to any district or division in which it could have
26 been brought.'"  <u>Allstar Mktg. Grp.</u>, 666 F. Supp. 2d at
27 1126 (quoting 28 U.S.C. § 1406(a)).
28 ///

4

### III.   ANALYSIS

**A.   <u>Timeliness of the Motion</u>**

Plaintiff argues that Defendant's Motion should be denied because Defendant has not complied with Central District Local Rule 6-1 (Opp'n 1:26-2:1), which provides that "notice of motion shall be filed with the Clerk not later than twenty-eight (28) days before the date set for hearing" (C.D. Cal. L.R. 6-1). Defendant's counsel states that he was under the mistaken impression that only twenty-one days' notice was required. Jassoy Decl. ¶ 4. Furthermore, Defendant's counsel declare that they attempted to remedy the deficiency when Plaintiff pointed it out. <u>Id.</u> at ¶¶ 2-3. Consequently, Defendant requests that the Court overrule Plaintiff's objection because Plaintiff did not suffer any prejudice as a result of the mistake. <u>Id.</u> at ¶ 5.

The Court rejects Plaintiff's argument and finds that Plaintiff has not suffered any prejudice as a result of Defendant's failure to provide sufficient notice. Plaintiff was deprived of just two days time to respond to Defendant's Motion - and was able to supply a thorough response. As a result, the Court proceeds to the merits of Defendant's Motion.

**B.   <u>Whether Venue is Proper in the Central District of California</u>**

"Venue over trademark claims is governed by the general venue statute, 28 U.S.C. § 1391." <u>Allstar</u>

1 <u>Mtkg. Grp.</u>, 666 F. Supp. 2d at 1128 (citing <u>Golden</u>
2 <u>Scorpio Corp. v. Steel Horse Bar & Grill</u>, 596 F. Supp.
3 2d 1282, 1286 n.3 (D. Ariz. 2009)).

28 U.S.C. § 1391(b), in turn, sets forth three bases for venue, providing that:

> A civil action may be brought in-
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Defendant argues that venue is improper in the Central District of California because its principal place of business is unequivocally not in the Central District of California but rather in the Southern District of California (Reply 2:14-3:8) and that a substantial part of the events or omissions at issue in this suit did not occur in the Central District of

6

California as Plaintiff argues (Reply 3:9-4:17).[2]

1. <u>Does Defendant "Reside" in the Central District of California?</u>

"[A]n entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction." 28 U.S.C. § 1391(c)(2). For purposes of venue in states with multiple judicial districts, defendant corporations subject to personal jurisdiction at the time the action is commenced are "deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state." 28 U.S.C. § 1391(d).

Plaintiff contends that venue is proper under 28 U.S.C. § 1391(b)(1) because Defendant's mailing address and agent for service of process are located in Los Angeles County.[3] Opp'n 3:3-8 (citing Barnes Decl. Ex.

---

[2] The Central District of California comprises the counties of Riverside, San Bernardino, Los Angeles, San Luis Obispo, Santa Barbara, Ventura, and Orange. 28 U.S.C. § 84(c). The Southern District of California comprises the counties of Imperial and San Diego. 28 U.S.C. § 84(d).

[3] More specifically, Plaintiff cites to a Fictitious Business Name Statement filed with the County of San Diego listing a return mailing address located in the Central District of California. Barnes

3; Ellrod Decl. Ex. 6).  Defendant contends that its mailing address is actually located in San Diego County and that the mailing address cited by Plaintiff is for the agent who coordinated the filing of the Fictitious Business Name Statement.  Reply 2:14-23.

"A defendant whose contacts with a state are 'substantial' or 'continuous and systematic' can be haled into court in that state in any action, even if the action is unrelated to those contacts." Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 (1984)). "This is known as general jurisdiction." Id. "The standard for general jurisdiction 'is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world.'" Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1224 (9th Cir. 2011) (quoting Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004)).

As an initial matter, the Court finds that Plaintiff fails to show that Defendant resides in the Central District of California.  The evidence to which

---

Decl. Ex. 3.  Plaintiff cites a Business Entity Detail from the California Secretary of State website for Defendant, which lists a "Steven Stroll," whose address is within the Central District of California, as its agent for service of process.  Ellrod Decl. Ex. 6.

1  Plaintiff cites as evidence that Defendant's mailing
2  address is in Los Angeles County only shows that
3  Defendant's filing agent for the Fictitious Business
4  Name Statement, "Rockport Healthcare Svs. c/o D. Lane,"
5  has a mailing address located in Los Angeles County.
6  Barnes Decl. Ex. 3.  In fact, that document appears to
7  confirm Defendant's statement that its physical
8  location is in San Diego County as it specifies that
9  Defendant is located in San Diego County.  Id.
10      Plaintiff also cites to a printout from the
11 California Secretary of State website showing that
12 Defendant's agent for the service of process is located
13 in Los Angeles County.  Ellrod Decl. ¶ 3 Ex. 6.  While
14 the designation of an agent for service of process is
15 certainly relevant to a finding of general jurisdiction
16 (Bancroft & Masters, 223 F.3d at 1086 (citing Hirsch v.
17 Blue Cross, Blue Shield of Kansas City, 800 F.2d 1474,
18 1478 (9th Cir. 1986)), it is by no means dispositive
19 (see Flame S.A. v. Pasha Fin., Inc., No. CV 10-5245-GW
20 (MANx), 2010 WL 2902774, at *3 (C.D. Cal. July 26,
21 2010); Gray Line Tours v. Reynolds Elec. & Eng'g Co.,
22 193 Cal. App. 3d 190, 193-95 (1987) (holding that
23 designation of an agent for service of process and
24 qualification to do business in California alone did
25 not constitute grounds for general jurisdiction); see
26 also DVI, Inc. v. Superior Court, 104 Cal. App. 4th
27 1080, 1095 (2002) (holding that personal jurisdiction
28 did not exist even though the defendant company

1  registered to do business in California, had a
2  California agent for service of process, and had two
3  officers residing in California)).
4      Plaintiff does not offer any argument regarding
5  whether the Court has specific jurisdiction over
6  Defendant.  As Plaintiff bears the burden of
7  establishing proper venue (Piedmont Label, 598 F.2d at
8  496) and has failed to argue whether the Court has
9  specific jurisdiction over Defendant, the Court finds
10 that it does not have specific jurisdiction for venue
11 purposes over Defendant.
12     Beyond these documents, Plaintiff does nothing more
13 to show that Defendant "resides" in the Central
14 District of California for purposes of venue.
15 Accordingly, the Court finds that Plaintiff has not met
16 its burden in showing that venue is proper under 28
17 U.S.C. § 1391(b)(1).
18     2.   Did a Substantial Portion of the Acts or
19          Omissions Occur in the Central District of
20          California?
21     "In a trademark suit brought under the Lanham Act,
22 a 'substantial part' of the events giving rise to the
23 claims occur in any district where consumers are likely
24 to be confused by the accused goods, 'whether that
25 occurs solely in one district or in many.'"  Golden
26 Scorpio, 596 F. Supp. 2d at 1286 (quoting Cottman
27 Transmission Sys. v. Martino, 36 F.3d 291, 295 (3d Cir.
28 1994); citing Woodke v. Dahm, 70 F.3d 983, 985 (8th

1  Cir. 1995); Vanity Fair Mills v. T. Eaton Co., 234 F.2d
2  633, 639 (2d Cir. 1956)).  For purposes of analyzing
3  venue, "only a 'modest' amount of sales of infringing
4  product is sufficient to support venue in a particular
5  district."  Allstar Mktg. Grp., 666 F. Supp. 2d at 1130
6  (citing Sutter Home Winery, Inc. v. Madrona Vineyards,
7  L.P., No. C 05-0587 MHP, 2005 WL 701599, at *4 n.2
8  (N.D. Cal. Mar. 23, 2005)).
9       Plaintiff argues that venue is proper in the
10 Central District of California because it has alleged
11 that Defendant has, subsequent to Plaintiff's
12 continuous use of the "Presidio Home Care" trademark,
13 used infringing marks in connection with the sale and
14 offering for sale of competing services in Los Angeles
15 County.  Opp'n 3:9-24.  Plaintiff further offers an
16 affidavit describing Plaintiff receiving telephone
17 calls from consumers inquiring about Defendant, two
18 instances of actual consumer confusion, screenshots of
19 Defendant's website, and a list of websites upon which
20 Defendant allegedly advertises its services.  Barnes
21 Decl. ¶¶ 9, 13-15, Exs. 4-5.[4]

---

[4] Defendant objects to Mr. Barnes' statement that Plaintiff has received telephone calls from consumers inquiring about Defendant. Dkt. # 16 at 6.  Mr. Barnes declares that he is Plaintiff's Chief Financial Officer. Barnes Decl. ¶ 1.  As a result, it is likely that Mr. Barnes has personal knowledge of the existence and the content of these telephone calls.  However, to the extent that Mr. Barnes speaks to the similarity between the two marks and to the reasons why the

11

1     Defendant presents an affidavit from Defendant's Director of Operations, Mr. Guy Reggev, apparently to show that Defendant does not target clients or otherwise do business in Los Angeles. Reggev Decl. ¶¶ 1, 7. Mr. Reggev states that Defendant does not provide home care services. Id. at ¶ 8. Defendant argues that Plaintiff fails to present any admissible evidence showing that Defendant does business in Los Angeles, targets customers in Los Angeles, or that Plaintiff lost goodwill or business as a result of Defendant's use of its mark. Reply 4:13-17.

    Neither Party has presented particularly compelling evidence supporting their respective positions on

---

consumers were confused, the Court **SUSTAINS** Defendant's objection because the similarity between the marks is a legal conclusion and because Plaintiff has not demonstrated that Mr. Barnes has personal knowledge of why the consumers were confused.

    Defendant also objects to Mr. Barnes' statements that (1) Plaintiff did not receive an employment verification request because it was first sent to Defendant and (2) Plaintiff's client found multiple online negative reviews about Defendant and that Plaintiff was forced to spend time and effort explaining that it was not affiliated with Defendant. Dkt. # 16 at 6-7. Mr. Barnes' statements clearly do not constitute hearsay as no out of court statement is offered for the truth of the matter asserted. Fed. R. Evid. 801 and 802. Mr. Barnes has personal knowledge of these events as Plaintiff's CFO. As such, Plaintiff has laid a sufficient foundation for the statements. Finally, the statements are not conclusory, vague, or overly broad. Thus, the Court **OVERRULES** Defendant's objections.

12

1  venue.  For Defendant, Mr. Reggev's affidavit states
2  that Defendant's "residents are *almost entirely* from
3  the San Diego area or are transferred here from San
4  Diego hospitals."  Reggev Decl. ¶ 8 (emphasis added).
5  Almost, of course, is not the same thing as all - and
6  Defendant's advertisements could still have confused
7  consumers living in the Central District of California
8  even if Defendant did not ultimately provide any
9  services to those consumers.
10     Plaintiff, on the other hand, has presented some
11 admissible evidence that confusion is occurring in the
12 Central District of California.  Barnes Decl. ¶¶ 14-15.
13 However, two instances of customer confusion likely are
14 not enough to show the modest level of sales necessary
15 to support venue.  Delta Sigma Theta Sorority Inc. v.
16 Bivins, Civil Action No. 13-252 (BAH), 2014 WL 700019,
17 at *7 (D.D.C. Feb. 19, 2014); see also Allstar Mktg.
18 Grp., 666 F. Supp. 2d at 1129-30 (finding that nineteen
19 percent of a company's total sales was "modest" and
20 sufficient to support venue where the defendant failed
21 to present evidence controverting the plaintiff's proof
22 that infringing sales occurred in the district).
23     Furthermore, to the extent that Plaintiff points to
24 Defendant's website as evidence that Defendant targeted
25 consumers in the Central District of California (Barnes
26 Decl. ¶ 9, Exs. 4-5), Defendant's website appears to be
27 "passive" rather than "interactive," weighing against a
28 finding of proper venue.  See Golden Scorpio, 596 F.

Supp. 2d at 1287-88 (finding that venue in Arizona was not properly supported where the plaintiff's sole basis was an allegation that defendant, an Oregon restaurant, posted an advertisement on Google Maps accessible in Arizona); Shari's Berries Int'l, Inc. v. Masonhing, No. 02:06-cv-0768-GEB-GGH, 2006 WL 2382263, at *2 (E.D. Cal. Aug. 17, 2006) (finding venue improper where the defendant operated a generally accessible website that merely provided a toll-free number and email address for potential customers to reach defendant).

In light of the above, the Court finds that Plaintiff has failed to meet its burden in showing that a substantial part of the acts or omissions occurred in the Central District of California.  As such, venue is also not proper under 28 U.S.C. § 1391(b)(2).

Accordingly, the Court finds that Plaintiff has failed to establish that venue is proper in the Central District of California.  For this reason, the Court **GRANTS** Defendant's Motion to Dismiss [7].

**C.   Should the Action be Dismissed or Transferred to the Southern District of California?**

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a). "Generally a transfer will be in the interest of justice because the dismissal of any case that could

1  have been brought somewhere else is time-consuming and
2  justice defeating." CYBERsitter, LLC v. Google Inc.,
3  905 F.3d 1080, 1084 (C.D. Cal. 2012) (citing Miller v.
4  Hambrick, 905 F.2d 259, 262 (9th Cir. 1990)).  In other
5  words, if this Action could have been brought
6  elsewhere, then transfer to that forum would be in the
7  interests of justice.
8     It appears that Defendant "resides" for venue
9  purposes in the Southern District of California as its
10 residential facility and mailing address are both
11 located in San Diego County (Reggev Decl. ¶¶ 4, 6), and
12 it conducts a substantial portion of its business in
13 San Diego County (Reggev Decl. ¶ 5).  In short,
14 Defendant's connection with San Diego County is beyond
15 "substantial" or "continuous and systematic" - it is
16 physically present in San Diego County.  As such, the
17 Southern District of California would have personal
18 jurisdiction over Defendant if it were a separate
19 state.  See Bancroft & Masters, 223 F.3d at 1086 ("The
20 standard for establishing general jurisdiction . . .
21 requires that the defendant's contacts be of the sort
22 that approximate physical presence").  As such, venue
23 is appropriate in the Southern District of California.
24 28 U.S.C. § 1391(b)(1).
25    Accordingly, the Court finds that, in the interests
26 of justice, this Action should be transferred to the
27 Southern District of California.
28 ///

**IV. CONCLUSION**

For the foregoing reasons, this Court **GRANTS** Defendant's Motion to Dismiss and **TRANSFERS** the Action to the Southern District of California [7]. The Clerk to close this case.

**IT IS SO ORDERED.**

DATED: June 13, 2014

RONALD S.W. LEW
_____
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge